**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

WILLIAM BURGESS,              )
                               )      **CASE NO.: 3:12 CV 494**
          **Plaintiff,**     )
vs.                        )
                               )
MIDWEST ENVIRONMENTAL   )
  RESOURCES, INC., GLOBAL     )
  EMPLOYMENT SERVICES, INC.,  )
  GOLDEN PROFESSIONAL SOLUTIONS, )
  INC., PEC, d/b/a PREMIER SAFETY  )
  MANAGEMENT, INC.,          )
  MATTHEW TOUART, GEORGE    )
  TOUART, and RONALD MCNESBY,  )
                               )
          **Defendants.**    )
_____/

## C O M P L A I N T

COMES NOW, Plaintiff, WILLIAM BURGESS, (hereinafter referred to as "Plaintiff") by and through the undersigned counsel, and sues MIDWEST ENVIRONMENTAL, RESOURCES, INC., GLOBAL, EMPLOYMENT SERVICES, INC., PEC, d/b/a PREMIER SAFETY, MANAGEMENT, INC., GOLDEN PROFESSIONAL SOLUTIONS, INC., MATTHEW TOUART, GEORGE TOUART, and RONALD MCNESBY (hereinafter collectively as "Defendants") and alleges:

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 206 and 216(b), which provides that suit under the Federal Labor Standards Act (hereinafter "FLSA") "may be maintained against any employer…in any Federal or State court of competent jurisdiction."

2.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

3.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendants reside in and/or do business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

4.     Plaintiff, WILLIAM BURGESS, is a resident of the State of Florida and worked for the Defendants, in Pensacola, Florida, and in surrounding areas of the District during the three (3) years before the date on which this Complaint was filed.

5.     Plaintiff, WILLIAM BURGESS, worked for the Defendants in this District performing beach clean-up duties following the BP oil spill of April 2010.

6.     Defendant, MIDWEST ENVIRONMENTAL RESOURCES, INC. (hereinafter "MER"), is a for-profit corporation conducting business in the State of Florida. MER was a contractor engaged in clean-up efforts in association with the oil spill that occurred in April 2010 in the Gulf of Mexico. MER, in conjunction with the other Defendants, hired, supervised and/or paid employees, including the Plaintiff, to perform clean-up duties in association with the oil spill that occurred in April 2010 in the Gulf of Mexico.

7.     Defendant, GLOBAL EMPLOYMENT SERVICES, INC. (hereinafter "GLOBAL"), is a for-profit corporation conducting business in the State of Florida. GLOBAL is an employee staffing firm who specializes in the hiring and training of debris collectors for debris removal during disaster recovery efforts. GLOBAL, in conjunction with the other Defendants, hired, trained, and/or paid employees, including the Plaintiff, to perform

clean-up duties in association with the oil spill that occurred in April 2010 in the Gulf of Mexico.

8.     Defendant, GOLDEN PROFESSIONAL SOLUTIONS, INC. (hereinafter "GOLDEN"), is a for-profit corporation conducting business in the State of Florida.  GOLDEN is a staffing and leasing firm and, in conjunction with the other Defendants, hired, supervised and/or paid employees, including the Plaintiff, to perform clean-up duties in association with the oil spill that occurred in April 2010 in the Gulf of Mexico.

9.     Defendant, PEC d/b/a PREMIER SAFETY MANAGEMENT, INC. (hereinafter "PEC"), is a for-profit corporation conducting business in the State of Florida. PEC provides safety and skills training to the oil industry workforce and, in conjunction with the other Defendants, hired, supervised, trained, and/or paid employees, including the Plaintiff, to perform clean-up duties in association with the oil spill that occurred in April 2010 in the Gulf of Mexico.

10.    Defendant, MATTHEW TOUART, is a resident of Escambia County and is involved in the ownership and/or operation of Defendants GLOBAL EMPLOYMENT SERVICES, INC. and GOLDEN PROFESSIONAL SOLUTIONS, INC.

11.    Defendant, GEORGE TOUART, is a resident of Escambia County and is engaged in the ownership and/or operation of Defendants GLOBAL EMPLOYMENT SERVICES, INC. and GOLDEN PROFESSIONAL SOLUTIONS, INC.

12.    Defendant, RONALD MCNESBY, is a resident of Escambia County and is involved in the operation of Defendants GLOBAL EMPLOYMENT SERVICES, INC. and GOLDEN PROFESSIONAL SOLUTIONS, INC.

## FACTUAL ALLEGATIONS

13. The Defendant, MIDWEST ENVIRONMENTAL RESOURCES, INC., is an employer and enterprise engaged in interstate commerce.

14. The Defendant, GLOBAL EMPLOYMENT SERVICES, INC., is an employer and enterprise engaged in interstate commerce.

15. The Defendant, GOLDEN PROFESSIONAL SOLUTIONS, INC., is an employer and enterprise engaged in interstate commerce.

16. The Defendant, PEC d/b/a PREMIER SAFETY MANAGEMENT, INC., is an employer and enterprise engaged in interstate commerce.

17. The Defendant, MATTHEW TOUART, is an employer and enterprise engaged in interstate commerce.

18. The Defendant, GEORGE TOUART, is an employer and enterprise engaged in interstate commerce.

19. The Defendant, RONALD MCNESBY, is an employer and enterprise engaged in interstate commerce.

20. In addition to Florida, the Defendants, operate and perform staffing, consulting, and/or training in Mississippi and Louisiana.

21. The Defendants' operations, practices, policies and procedures, including those with respect to conducting business as part of the BP oil spill clean-up operation, are highly integrated and interdependent such that the Defendants constitute a single and/or joint employer under the law. Based on information and belief, the Defendants operated in the same facilities in Pensacola, Florida, the Defendants commingled corporate functions amongst themselves so as to make it difficult for persons to contact supervisors

concerning personnel and payroll issues, the Defendants operated with the same policies and procedures, and the Defendants all exercised control over the employees performing beach clean-up.

22.    As part of their business, the Defendants would perform staffing, consulting, and/or training duties inside and outside the state of Florida, would transact business in regard to, among other things, clean-up supplies, clean-up equipment, and disposal services, and would transact business with foreign corporations which were part of interstate commerce. The Defendants would also advertise for job positions on the World Wide Web to potential employees outside of Florida, and would transact business across state lines. These actions of the Defendants involved interstate commerce and were transactions in interstate commerce. The Defendants were involved in interstate commerce as they were part of the BP clean up that took place from the State of Florida to Louisiana.  They hired, trained and recruited persons from states other than Florida, they purchased equipment and materials that were involved in interstate commerce, they transported employees which were part of interstate commerce, they used banking and financial institutions which were part of interstate commerce, they  collected bio-hazard materials which were part of interstate commerce, they disposed of bio-hazard material that was part of interstate commerce (or became part of interstate commerce), and they were part of a vast multistate environmental response team that was responding to the BP oil spill that was part of interstate commerce.

23.    The Defendants, each, has annual revenue of at least five hundred thousand dollars ($500,000.00).

24.     Alternatively, since the Defendants operations, practices, policies and procedures, were highly integrated and interdependent, then they would constitute a single or joint employer under the FLSA.   Therefore, the annual revenue of Defendants would be combined.

25.     All of the Defendants, combined, have annual revenue of at least five hundred thousand dollars ($500,000.00).

26.     The Defendants hired the Plaintiff on or about June 25, 2010, to perform clean-up duties in association with the April 2010 oil spill.

27.     The Plaintiff's daily work responsibilities included, but were not limited to, locating, collecting, and disposing of oil and oil debris on and around the beach(es) affected by the oil spill. The Plaintiff would also operate equipment and machinery to clean the affected areas and items.

28.     The Defendants, MIDWEST ENVIRONMENTAL, RESOURCES, INC., GLOBAL, EMPLOYMENT SERVICES, INC., PEC, d/b/a PREMIER SAFETY, MANAGEMENT, INC., GOLDEN PROFESSIONAL SOLUTIONS, INC., MATTHEW TOUART, GEORGE TOUART, and RONALD MCNESBY, are each employers within the meaning of the FLSA.

29.     At all times material herein, the Defendants controlled the Plaintiff's day to day activities, supervised, and/or had operational control over the Plaintiff.   The Defendants were responsible for hiring the Plaintiff, terminating the Plaintiff, setting the Plaintiff's rate of pay, determining if overtime was to be paid, setting the Plaintiff's work schedule including the number of days and hours worked, assigning Plaintiff to certain areas of the

beach for clean-up, training and instructing Plaintiff how to perform his job duties and functions, and otherwise supervising the Plaintiff.

30. The Defendants provided the Plaintiff with a place to do business and, furthermore, provided Plaintiff with equipment such as rakes, shovels, buckets, and other clean-up equipment, in order for Plaintiff to perform his essential job functions and duties.

31. The Defendants, each and jointly, had operational control over the Plaintiff.

32. The Defendants set the Plaintiff's work hours from and assigned his work location. Moreover, the Plaintiff was instructed as to how the beach area was to be maintained by the Defendants or their employees.

33. The Plaintiff was required by the Defendants to work at an assigned clean-up area.

34. The Defendants failed to pay the Plaintiff for each and every hour worked while employed with the Defendants.

35. The Plaintiff did not exercise desertion or independent judgment over matters of significance and could not commit the Defendants to matters of significant financial impact.

36. The Plaintiff did not have the right or ability to create, implement, or modify management policies.

37. The Plaintiff did not have the ability to establish policies without prior approval of the Defendants.

38. Moreover, the Plaintiff did not have the ability to waive or deviate from established policies.

39. The Plaintiff was an hourly employee. He was not paid a salary of at least $455.00 a week while employed with the Defendants.

40.     Moreover, the Plaintiff did not supervise two (2) or more full-time employees of the Defendants.

41.     The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

## COUNT I – Failure to Pay Minimum Wage Under FLSA

42.     Plaintiff re-alleges and incorporates all preceding paragraphs.

43.     The Plaintiff was an employee of the Defendants.

44.     The Defendants are employers and enterprises engaged in interstate commerce and are subject to the FLSA.

45.     The FLSA mandates that an employer pay any employee at least the minimum wage for each hour worked. 29 U.S.C. § 206(a).

46.     The Plaintiff regularly worked for the Defendants but was not paid at least the federal minimum wage for each hour worked as required by the FLSA.

47.     The Defendants were aware of Plaintiff's hours worked without receiving wages for said hours.

48.     Defendants failed and refused to compensate Plaintiff at the minimum hourly wage for each and every hour worked as required under the FLSA.

49.     The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

50.     Because of Defendants' actions, Plaintiff had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

51.     As a result of the unlawful acts of Defendants, Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff prays this Court to enter a judgment declaring that the Defendants, MIDWEST ENVIRONMENTAL, RESOURCES, INC., GLOBAL, EMPLOYMENT SERVICES, INC., PEC, d/b/a PREMIER SAFETY, MANAGEMENT, INC., GOLDEN PROFESSIONAL SOLUTIONS, INC., MATTHEW TOUART, GEORGE TOUART, and RONALD MCNESBY, have violated the minimum wage provisions of the FLSA, 29 U.S.C. §206, as to the Plaintiff; declare that the Defendants', MIDWEST ENVIRONMENTAL, RESOURCES, INC., GLOBAL, EMPLOYMENT SERVICES, INC., PEC, d/b/a PREMIER SAFETY, MANAGEMENT, INC., GOLDEN PROFESSIONAL SOLUTIONS, INC., MATTHEW TOUART, GEORGE TOUART, and RONALD MCNESBY, violations of the FLSA were willful; award Plaintiff damages for the amount of unpaid compensation, subject to proof at trial; award Plaintiff liquidated damages, and award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and grant such other and further relief as this Court deems equitable and just.

## <u>COUNT II – Failure to Pay Overtime Wages Under FLSA</u>

52.     Plaintiff re-alleges and incorporates all paragraphs one (1) through forty-seven (47).

53.     When the Plaintiff worked for the Defendants, he worked in excess of forty (40) hours in a workweek.

54.     Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a workweek longer than forty (40) hours, unless such employee receives

compensation for all hours he or she is employed in excess of forty (40) hours at a rate not less than one and one-half times the regular rate of pay.

55.   The Defendants employed Plaintiff in excess of forty (40) hours in each workweek without paying him at a rate of one and one half (1 ½) times his regular rate of pay for all hours worked in excess of forty (40) in a workweek as required by the FLSA.

56.   The Plaintiff was not exempt from receiving overtime compensation under the FLSA.

57.   The FLSA mandates an employer pay its employees time and a half (1 ½) for each and every hour worked in excess of forty (40) hours in a work week.

58.   The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

59.   The Defendants were aware the Plaintiff worked in excess of forty (40) hours in a workweek.

60.   The Defendants were responsible for keeping track of the hours Plaintiff worked; however, the Defendants failed to keep proper and adequate time records for the hours the Plaintiff worked for the Defendants.

61.   Defendants failed and refused to properly compensate Plaintiff at the proper overtime rate for each hour worked in excess of forty in a work-week.

62.   Because of Defendants' actions, Plaintiff had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

63.   As a result of the unlawful acts of Defendants, Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff prays this Court to enter a judgment declaring that the

Defendants, MIDWEST ENVIRONMENTAL, RESOURCES, INC., GLOBAL, EMPLOYMENT SERVICES, INC., PEC, d/b/a PREMIER SAFETY, MANAGEMENT, INC., GOLDEN PROFESSIONAL SOLUTIONS, INC., MATTHEW TOUART, GEORGE TOUART, and RONALD MCNESBY, have violated the overtime provisions of the FLSA, 29 U.S.C. §207, as to the Plaintiff; declare that the Defendants, MIDWEST ENVIRONMENTAL, RESOURCES, INC., GLOBAL, EMPLOYMENT SERVICES, INC., PEC, d/b/a PREMIER SAFETY, MANAGEMENT, INC., GOLDEN PROFESSIONAL SOLUTIONS, INC., MATTHEW TOUART, GEORGE TOUART, and RONALD MCNESBY, violations of the FLSA were willful; award Plaintiff damages for the amount of overtime compensation, subject to proof at trial; award Plaintiff liquidated damages, and award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and grant such other and further relief as this Court deems equitable and just.

## COUNT III – Breach of Contract

64.   This is also an action to recover damages for a breach of the Plaintiff's employment agreement/contract.

65.   The Plaintiff re-alleges and reincorporates allegations made in Paragraphs one (1) through twenty-four (24) as if fully set forth herein.

66.   The Defendants, MIDWEST ENVIRONMENTAL, RESOURCES, INC., GLOBAL, EMPLOYMENT SERVICES, INC., and PEC, d/b/a PREMIER SAFETY, MANAGEMENT, INC., entered into an employment agreement with the Plaintiff, WILLIAM BURGESS, on or around June 25, 2010, wherein the Defendants agreed to pay the Plaintiff $14.00 an hour for each and every hour worked up to forty (40) hours

per workweek, and one and one-half (1 ½) times his regular rate of pay for each and every hour over forty (40) hours in a workweek.

67.  All conditions precedent under the agreement/contract have been met.

68.  The Defendants, MIDWEST ENVIRONMENTAL, RESOURCES, INC., GLOBAL, EMPLOYMENT SERVICES, INC., and PEC, d/b/a PREMIER SAFETY, MANAGEMENT, INC., breached the June 2010 contract with Plaintiff in that the Defendants failed to pay the Plaintiff the monies that he was due under the contract, including but not limited to wages and overtime compensation.

69.  The Defendants, MIDWEST ENVIRONMENTAL, RESOURCES, INC., GLOBAL, EMPLOYMENT SERVICES, INC., and PEC, d/b/a PREMIER SAFETY, MANAGEMENT, INC., failed to pay the Plaintiff his wages based upon the employment agreement/contract with the Plaintiff.

70.  The Defendants failure to pay the Plaintiff his monies due was a material breach of the contract.

71.  At all times, Plaintiff was in full compliance of the contract and committed no material breach.

72.  As a result of the Defendants' breach, Plaintiff has been deprived of money owed in the amount to be determined at trial, and is entitled to recovery of such amounts.

73.  Because of the Defendants' actions, the Plaintiff has retained counsel and pursuant to Florida Statute 448.08, the Plaintiff is entitled to the cost of this action plus reasonable attorneys' fees.

**WHEREFORE**, the Plaintiff prays this Court to declare that the Defendants MIDWEST ENVIRONMENTAL, RESOURCES, INC., GLOBAL, EMPLOYMENT SERVICES,

INC., and PEC, d/b/a PREMIER SAFETY, MANAGEMENT, INC., breached the employment agreement/contract with the Plaintiff; award all damages that flowed from this material breach to be proven at trial, award the Plaintiff the cost of this action and reasonable attorneys' fees; and grant such other and further relief as this Court deems equitable and just.

**Plaintiff demands a trial by jury.**

DATED this 15th day of October, 2012.

Respectfully submitted,

/s/ Jeremiah J. Talbott
JEREMIAH J. TALBOTT, ESQ.
Fla. Bar No. 015484
Ala. Bar No. TAL012
TYLER L. GRAY, ESQ.
Fla. Bar No. 0059738
Law Office of Jeremiah J. Talbott, P.A.
900 East Moreno Street
Pensacola, Fla. 32503
(850) 437-9600 / (850) 437-0906 (facsimile)
*Attorneys for Plaintiff*
jjtalbott@talbottlawfirm.com
tyler@talbottlawfirm.com